# Forbes *v.* Rogers.

## *Action of Trover.*

1. *Trover; venue of action.*—Trover, being an action in tort, may be brought in the county in which the tort was committed, although the defendant is not a resident of such county.

[Forbes v. Rogers.]

2. *Pleading; motion to strike.*—A motion to strike pleading will not be considered on appeal, unless the motion is shown by a bill of exceptions.

3. *Sale or exchange of personalty; trover.*—A vendor of an article, which has been delivered, cannot maintain trover against a vendee who got it under a fair contract of sale or exchange, when said contract has never been broken by the vendee.

APPEAL from the City Court of Montgomery.

Tried before Hon. A. D. SAYRE.

This was an action of trover brought by the appellee, Mamie Rogers, against the appellant, E. E. Forbes, and sought the recovery of a piano, which had been delivered by the plaintiff to the defendant under a contract of exchange of pianos. The defendant was ready and able to comply with his part of the contract, but the plaintiff withdrew therefrom, and brought this suit to recover the piano she had delivered under the contract. The facts are sufficiently set out in the opinion. From a judgment for plaintiff, defendant appealed.

GEORGE STOWERS, for appellant.

PEARSON & RICHARDSON, *contra.*

ANDERSON, J.—This was an action of trover for the conversion of a piano. The case was tried by the judge without a jury, who rendered judgment for the plaintiff, and the defendant appeals.

The demurrer to plea No. 1 was properly sustained. The action was in tort and could be brought either in the county where defendant resided, or where the tort was committed. The plea denies that defendant resides in Montgomery county, but does not deny that the tort was committed in said county.—Code 1896, § 4205.

The action of the trial judge in striking pleas will not be reviewed by this Court, when the bill of exceptions fails to set out the motion.

It seems that plaintiff made a contract with defendant's agent, August 30th, 1901, whereby she exchanged her old square piano (the one in controversy) for an upright Wilbur piano, and agreed to pay the defendant the

14s

[Forbes v. Rogers.]

difference in the price, mutually agreed upon, and which was set out in the written contract.

Plaintiff testified that, at the time the contract was executed, it was verbally agreed, between her and the agent, that the new piano was to be delivered within a week at Pine Hill, Alabama. On the next day defendant wrote plaintiff the following letter:

Montgomery, Ala., Aug. 31, 1901.

Mrs. Mamie Rogers,
Pine Hill, Ala.

Dear Madam:—Your order for a fine Wilbur Piano through Mr. Miles, is received, and as I want you to have an extra good instrument, I have taken the liberty of ordering piano direct from the factory to you, as the one in Mobile, I am afraid you would not exactly like it, and as I sold yesterday evening, or rather got permission to place the last one that I have in the store, and as I am anxious for you to get something extra good as a sample, as above stated, I have ordered one shipped from the factory. I hope that this will not inconvenience you a great deal and will meet with your approval, but in the event you don't want to wait for the piano to come from the factory, if you will wire me at my expense Monday, I will ship you that one from Mobile. Now the price that Mr. Miles has given you is very low, I don't consider we are making any money at all out of the transaction, and I hope that you will treat this price strictly confidential. Thanking you in advance, I remain,

Yours respectfully,
E. E. Forbes.

Plaintiff admitted getting this letter and testified that she immediately sent him the following telegram:

Pine Hill, Ala., Sept. 2, 1901.

E. E. Forbes. Mtg.—Have decided not to have piano shipped here will write you later.

Mrs. Mamie Rogers."

That at the time she sent him the following letter:

Pine Hill, Ala., Sept. 2, 1901.

Mr. E. E. Forbes,

Sir:—I received your letter today in regard to piano and was very much disappointed as I would not have

made the trade at all just now unless I could have had the piano through September. So now get my piano at my sister-in-law's and keep the upright till I go back to your city which will (be) sometime the 1st of October, as I won't have it sent here as I will be in Montgomery through the winter.

Very respectfully,<br>Mrs. Maggie Rogers.

P. S.  I guess you got telegram sent today.

Plaintiff testified "That about October 1st she came to Montgomery and saw defendant at his store, about said contract. That he showed her a Wilbur piano, which he said he was holding for her, and that he offered to deliver it to her on her contract, and she refused to take it."

The evidence is undisputed, that the defendant came into possession of the "Old square piano" with the consent of the plaintiff under a contract of exchange: The defendant then wrote to modify the contract, so as to ship the new piano from New York, but expressed his willingness to send it at once from Mobile, if she did not wish to wait for the one from New York. The plaintiff did not stand on the original contract or insist on its performance, nor claim a rescission, but wrote the defendant to get hers and hold the upright one in his store in Montgomery, until she got there, which would be about the 1st of October. This was clearly a waiver on her part, of a delivery of the new piano at Pine Hill, within a week after the contract was made, and but for which waiver the defendant could have easily complied with the original contract, as he had sufficient time after the receipt of her letter and telegram to get the piano from Mobile to her within the week from the date of the contract.

The defendant, acting upon her letter, intercepted the shipment from New York to Pine Hill, and had the instrument held in Montgomery for her, and which he offered to deliver upon her arrival about October the 1st.

We are acquainted with no law that would give the plaintiff the right to maintain trover in this case, for the conversion of the old piano. The defendant got it in the course of trade, under a contract which he has never

[Southern Railway Company v. Williams, Admr.]

breached, and has given her no ground for a rescission and a reclamation of the property or for the recovery of its value in trover.

The plaintiff not only had no ground for a rescission, but as late as September 11th, 1901, treated the contract as binding, by writing the defendant to cancel it, because the Jesse French Company had some claim on the old piano. The defendant declined to cancel, but offered to pay the Jesse French Company for her and add the amount to the difference she was to pay in the exchange of the instruments.

The vendor of an article which has been delivered cannot maintain trover against the vendee who got it under a fair contract of sale or exchange, which said contract has never been broken by the vendee.

We do not deem it necessary to consider the assignment of error relating to plea No. 9.

Reversed and rendered.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.