The appellant appeals the trial court's order dismissing appellees as parties defendant.
The basic issue is whether Alabama has in personam
jurisdiction pursuant to ARCP 4.2 over certain officers and employees of the First National Bank of Boston, some of whom are partners in a partnership which holds as nominee for Boston Bank stock pledged to that bank as security for its loans.
Appellant, Mrs. Mary Thames, leased certain store premises to Gunter-Dunn, Inc., a Delaware corporation with its principal place of business in Alabama. The lease was guaranteed by Johnson Stores, Inc., which owned all or a substantial portion of Gunter-Dunn. The First National Bank of Boston was a creditor of Johnson Stores and some or all of Johnson Stores' stock was pledged to the bank to secure its loan. Gunter-Dunn assigned the store lease to Gately and Fitzgerald Furniture Company, a Pennsylvania corporation with its principal place of business at Opp, Alabama.
The appellant filed a complaint in the Circuit Court of Coffee County against Gunter-Dunn, Johnson Stores, Gately and Fitzgerald, and the First National Bank of Boston. In her complaint appellant claimed breach of the lease by failure to pay rent, taxes and insurance and to make repairs. Furthermore, she asked for an accounting and a foreclosure of her landlord's lien, or alternatively for damages for breach of the lease and interference with said lien.
On February 28, 1977 the trial court entered a default judgment against Gunter-Dunn and Johnson Stores in the amount of $278,805.43.
Appellant then filed a second amended complaint and added as parties defendant appellees Skelton and Co., Stetson Whitcher, Ray R. Steeves, Finesse Co., C.J. Kittredge and Jamie B. Stewart.[1] This second amended complaint simply alleged that the bank officers were acting on behalf of Boston Bank and alleged the same causes of action and sought the same basic relief as in the original complaint.
The bank officers filed motions to dismiss based on a lack of personal jurisdiction and venue. The trial court ordered dismissal of the bank officers on February 20, 1979. Mrs. Thames now appeals their dismissal.
The appellant proposes three major grounds on which she claims personal jurisdiction over the appellees could be based.
First it is alleged that Gunter-Dunn was the alter ego of the appellees and as such the appellees could be held personally liable for their actions under ARCP 4.2 (a)(2)(A). The appellant relies on Smith v. Chase Manhattan Corp., No. 77-55-4 (M.D.Ala., Order of April 18, 1977) to support this contention. There the plaintiff had a financing arrangement with Housing Investment Corporation, a wholly owned subsidiary of CMRCC, Inc., which was itself a wholly owned subsidiary of Chase Manhattan Corporation. The court held that because of the control exercised by Chase Manhattan Corporation over Housing Investment Corporation, the subsidiary lost all separate identity and became the alter ego of the parent, Chase Manhattan. Thus, the court allowed personal jurisdiction over Chase Manhattan.
Even so, it is clear that jurisdiction over individual officers or employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself. Weller v.Cromwell Oil Co., 504 F.2d 927 (6th Cir. 1974); ProfessionalInvestors Life *Page 642 Ins. Co. v. Roussel, 445 F. Supp. 687 (D.Kan. 1978); PathInstruments v. Asahi Optical Co., 312 F. Supp. 805 (S.D.N Y 1970).
The relationship of bank officers to their bank is analogous to the relationship of corporate officers to their corporation. Therefore we will consider the question of personal jurisdiction here in the same way we would consider it in a corporate frame of reference. It is established that there must be a showing that the individual officers engaged in some activity that would subject them to the state's long-arm statute before in personam jurisdiction can attach.
In Idaho Potato Com'n v. Washington Potato Com'n, 410 F. Supp. 171,181 (D.Idaho 1975) the court said:
 [U]nless there is evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie. Fashion Two Twenty, Inc. v. Steinberg, 339 F. Supp. 836, 842
(E.D.N.Y. 1971).
In this case there was no allegation that the corporate entity was a sham or facade intended only to protect the individual appellees. Nor was there a showing that the appellees engaged in any business for personal gain or profit or any transaction which was outside the scope of their employment with the bank. Thus the corporation could not be said to have acted as an agent of the individual appellees so as to become their alter egos and to warrant personal jurisdiction over them.
The appellant's second contention is that the appellees caused her tortious injury in Alabama by an act or omission in this state under ARCP 4.2 (a)(2)(C). Specifically she claims appellees interfered with the enforcement of her landlord's lien on the assets of Gunter-Dunn which were located on the premises leased from her.
It is not disputed that the appellees have never been present in Alabama and have never personally "performed any act or omitted to perform any act in Alabama which resulted in tortious injury in Alabama," however, the appellant claims that by acting "through an agent" the appellees have caused tortious injury in Alabama and can be subjected to personal jurisdiction under ARCP 4.2 (a)(2)(C).
In Weller v. Cromwell Oil Co., 504 F.2d 927, 930 (6th Cir. 1974) the plaintiff sought to obtain personal jurisdiction over two corporations and two of their officers. In holding that the officers, who had never personally entered the state of Ohio, could not be subjected to personal jurisdiction there, the court said:
 Even though authorized or instructed to come to Ohio by the Plotkins, [the officers] this did not constitute the corporate agents as agents of the individual officers. Unicon Management Corp. v. Koppers Co., 250 F. Supp. 850 (S.D.N.Y. 1966) . . . In other words, the corporate agents were at all times acting within the course and scope of their employment. It was not proof that the agents were acting for the Plotkins individually.
In this case the affidavits of the appellees clearly stated that all activities done by the appellees were done in the course of employment at the bank as bank officers. There was no showing that the agents in Alabama at any time acted as agents of the appellees individually. All acts performed by the agents in Alabama were done solely on behalf of the bank, not for the benefit of the appellees individually. Thus there is no proof that the appellees caused any tortious injury through acts of their own or through agents acting for them in Alabama which would justify the extension of personal jurisdiction over them.
Finally the appellant contends that sufficient contacts existed to justify extending personal jurisdiction over them. In a recent case, Mann v. Hrubetz Co., Inc., Ala.,361 So.2d 1021, 1022 (1978) this Court recognized the principle set out by the Supreme Court in McGee v. International Life InsuranceCo., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) by stating:
 "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the *Page 643 
territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" . . . [Quoting from International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95
(1945).]
While it is sometimes proper to hold that a foreign corporation or bank whose agents acted in Alabama, and caused ramifications in this state, has sufficient contacts with the state to warrant jurisdiction, it is a totally different matter to hold that individual officers have such minimum contacts. In this case the officers had never been present in Alabama, and there was no proof that the appellees were conducting any personal business either through the use of the corporation as an alter ego, or through personal agents in this state. Thus this Court finds that the minimum contacts necessary to extend personal jurisdiction are lacking.
Based upon the record, these bank officers performed all acts within the scope of their bank employment. To allow personal jurisdiction over them when they acted solely in the furtherance of their official positions would be to extend the long-arm statute too far. Accordingly, the exercise of jurisdiction over these appellees would be improper under ARCP 4.2. Therefore the judgment of the trial court dismissing the complaint is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] The appellees are officers and employees of the First National Bank of Boston. The bank had been previously dismissed as a party defendant for improper venue. United States Code, Tit. 12, § 94 restricts venue of actions and proceedings against national banking associations in federal court to the federal district in which such associations are established or located and in state, county or municipal court to the county or city in which such associations are established or located.