Counsel for appellant, Randell, in his application for rehearing, contends that while the evidence may have shown that the corporation, I.T.E., had "minimal contacts" with Alabama, that the evidence wholly failed to show wherein the appellant individually had any minimal contact with Alabama. He citesThames v. Gunter-Dunn, Inc., 373 So.2d 640 (1979), in support of his application.
In Thames, this Court did hold that "jurisdiction over individual officers or employees of a corporation cannot be predicated merely upon jurisdiction over the corporation itself." This Court said that "there must be a showing that the individual officer engaged in some activities that would subject him to the state's long-arm statute before in personam
jurisdiction can attach."
We have re-examined the evidence, and we are convinced that there is sufficient evidence to show that Alabama courts acquired personal jurisdiction over the appellant, Randell.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.