BEATTY, Justice.
In these petitions, Donald S. Lundy seeks a writ of mandamus directed to the Honorable William H. Baldwin, respondent, Circuit Judge of Baldwin County. Petitioner requests this court to require Judge Baldwin to sever the claims against petitioner from other claims pending in the cases of Mary F. Underwood, et al. v. Paul Crigler, et al; M.A. Kaiser v. Paul Crigler, et al.; and Andy Williams, et al. v. Paul Crigler, et al, and to transfer the severed claims from the Circuit Court of Baldwin County to the Circuit Court of Jefferson County. These actions were consolidated into one case for review.
The sole issue presented is whether the federal statute governing the venue of actions against national banks, 12 U.S.C. § 94, or the state venue provisions, primarily Rule 82, Alabama Rules of Civil Procedure (A.R.Civ.P.), apply in this case. After a careful review of the facts and the issue before us, we conclude the trial court was correct. Judge Baldwin properly applied state venue provisions in refusing to sever and transfer the claims against petitioner. We, therefore, deny the writ.
The plaintiffs sued Donald S. Lundy, Collateral Control Corporation and Paul Cri-gler, seeking compensatory and punitive damages for alleged fraud, conversion, and civil conspiracy in committing fraud and conversion of personal property. Plaintiffs had stored soybeans in grain bins owned by Modern Mix, Inc., of which defendant Cri-gler was the principal owner. These bins were leased to Collateral Control Corporation and were located in Robertsdale, Baldwin County, Alabama.
Birmingham Trust National Bank (BTNB), through the petitioner, Lundy, had arranged to extend a line of credit to Modern Mix, Inc., to be secured by the Modern Mix inventory. Collateral Control had established an inventory certification control system and was responsible for determining the dollar amount BTNB lent to Modern Mix.
Plaintiffs allege that Lundy handled all of the BTNB transactions with Modern Mix and when Modern Mix got into severe financial difficulties in the fall of 1979, it was Lundy who came to Baldwin County and established the system whereby Modern Mix was to sell its inventory and repay the bank. Plaintiffs further allege that during this time Lundy was receiving certificates from Collateral Control which showed that Modern Mix did not have the inventory required to repay the amount extended in the line of credit.
The plaintiffs contend that their soybeans were sold and BTNB was prepaid in full under a system set up by Lundy. Furthermore, they argue Lundy directly participated in the fraud and conversion which took place in Baldwin County. Collateral Control as a defendant in these actions seeks indemnity from Lundy, Crigler and BTNB through cross-claims, arguing they “suppressed and failed and refused to communicate to Collateral Control certain material facts which Lundy, Crigler and BTNB were under an obligation to communicate to Collateral Control, namely, that Modern Mix was in serious financial difficulty and would be unable to meet its obligations to plaintiffs.”
Petitioner, Lundy, in his motion to dismiss or, in the alternative, to transfer venue asserted that plaintiffs were attempting “to circumvent the provisions of the National Bank Venue Statute, 12 U.S.C. § 94, by suing Donald S. Lundy on the basis of his alleged actions as an employee of a national bank in a county in which the national bank itself cannot be sued.” 12 U.S.C. § 94 provides:
“[Ajctions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be estab *1000 lished, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”
Lundy contends in his petition to this Court that it was only after the claims against his employer BTNB in the Kaiser and Underwood cases were severed and transferred to Jefferson County that the plaintiffs attempted to assert claims against him individually. Following the lead of plaintiffs in these two cases, the Williams complaint was then filed naming Lundy as a defendant.
Lundy included affidavits in his motions to dismiss or in the alternative to transfer venue which allege that he at all times was acting in his capacity as an officer of BTNB. He contends that the trial court erred in its refusal to sever and transfer the claim against him, urging this court to find that as an officer of the bank he comes within the provisions of the National Bank Venue Statute. Further, petitioner would have us extend our holding in Thames v. Gunter-Dunn, Inc., Ala., 373 So.2d 640 (1979), to say that he can only be sued in Birmingham along with BTNB. Thames, however, concerns jurisdiction, not venue, and does not apply here.
We do agree that 12 U.S.C. § 94 governs venue of suits against a national banking association. However, that is not the issue facing this court since the plaintiffs’ suit is against Lundy as an individual. Because of the posture of the suit, petitioner argues that the purpose behind the National Bank Venue Statute has been frustrated. We need not consider whether the purpose behind the statute has been frustrated; it is inapplicable here.
Plaintiffs’ complaints allege that Lundy, individually, along with the other defendants committed the torts of fraud and conversion of personal property. These actions were committed in Baldwin County, Alabama, and a material defendant, Crigler, was also a resident of Baldwin County. In our view the trial court clearly was correct in following state venue provisions applicable to claims against individuals in determining proper venue as to Lundy. Rule 82(b)(1)(A) and (c) spell out where the proper venue with regard to petitioner lies:
“(1) Actions against an individual or individuals having a permanent residence in this state:
“(A) Must be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them;

“(c) Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13,14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
Rule 82, A.R.Civ.P., is consistent with our past holdings that an action seeking recovery for fraud and conversion can be brought in the county where the wrongs were committed. Hoge v. Herzberg, 141 Ala. 439, 37 So. 591 (1904); Forbes v. Rogers, 143 Ala. 208, 38 So. 843 (1905). Forbes, supra, goes on to say that an action in tort against an individual resident can be commenced either in the county where the defendant resides or where the tort was committed. With regard to the petitioner, venue was proper in Baldwin County when he was joined as a defendant through amended complaints in the cases of Underwood and Kaiser and when he was named as an original defendant in the Williams case. Rule 82(b)(1)(A) and (c), A.R.Civ.P.
Mandamus is an extraordinary writ and will not be granted unless there is a clear showing of error in the trial court. *1001 Ex parte Slade, Ala., 382 So.2d 1127 (1980). Petitioner has not met the burden of proving a clear right to the relief sought; we therefore deny the writ.
WRIT DENIED.
TORBERT, C.J., and ALMON, SHORES and EMBRY, JJ., concur.