Eugene Pierce appeals from the trial court's order dismissing the four appellees as defendants. We affirm.
The issue is whether Alabama has in personam jurisdiction over the appellees, who are employees of Combined Insurance Company of America, a Chicago-based corporation.
On or about August 11, 1983, Pierce filed a complaint against the corporate defendant, Combined Insurance. The complaint alleged in essence that Pierce was accidentally shot in his left hip on or about June 12, 1981, and as a result was hospitalized and that subsequent thereto the insurance company paid claims of benefits. Pierce was hospitalized again beginning in June of 1982 and a controversy arose as to what benefits, if any, he would be entitled to receive under the terms of his policies. Before the controversy was resolved, a suit was filed by Pierce. The complaint was amended to add as defendants Harry L. Heyman, Theresa Liakopoulos, Lori Buckley, Jacqueline Durr, and Ricky Glassco. All five of these defendants filed motions to dismiss and the first four filed affidavits in support of their motions.
The affidavits and motions to dismiss by Heyman, Liakopoulos, Buckley, and Durr show that they are employees of Combined Insurance, that none of them is a resident of Alabama and that none of them has ever been present in Alabama. They were not conducting any personal business, either through the use of their employer corporation as an alter ego or through personal agents, in the State of Alabama. Any acts which they performed regarding Pierce's claims were performed within the scope of their employment in the claims department of Combined Insurance.
The trial court dismissed the complaints against Heyman, Liakopoulos, Buckley, and Durr, but denied the motion to dismiss by Ricky Glassco, since he is a resident of Alabama and, thus, subject to the court's jurisdiction. *Page 1186 
Pierce argues that Alabama's long-arm statute rule permits personal jurisdiction to be exercised over these defendants. Rule 4.2 (a)(2)(D) of the Alabama Rules of Civil Procedure reads:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
". . .
 "(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state. . . ."
This Court in Thames v. Gunter-Dunn, Inc., 373 So.2d 640, at 642-43 (Ala. 1979) stated:
 "[T]here must be a showing that the individual officers engaged in some activity that would subject them to the state's long-arm statute before in personam jurisdiction can attach.
". . .
 "It is not disputed that the appellees have never been present in Alabama and have never personally `performed any act or omitted to perform any act in Alabama which resulted in tortious injury in Alabama,' however, the appellant claims that by acting `through an agent' the appellees have caused tortious injury in Alabama and can be subjected to personal jurisdiction. . . .
". . .
 "[A]ffidavits of the appellees clearly stated that all activities done by the appellees were done in the course of employment at the bank as bank officers. . . .
 All acts performed . . . were done solely on behalf of the bank, not for the benefit of the appellees individually. Thus there is no proof that the appellees caused any tortious injury through acts of their own or through agents acting for them in Alabama which would justify the extension of personal jurisdiction over them.
". . .
 "While it is sometimes proper to hold that a foreign corporation or bank whose agents acted in [outside] Alabama, and caused ramifications in this State, has sufficient contacts with the state to warrant jurisdiction, it is a totally different matter to hold that individual officers have such minimum contacts. In this case the officers had never been present in Alabama, and there was no proof that the appellees were conducting any personal business either through the use of the corporation as an alter ego, or through personal agents in this state. Thus, this Court finds that the minimum contacts necessary to extend personal jurisdiction are lacking.
 "Based upon the record, these bank officers performed all acts within the scope of their bank employment. To allow personal jurisdiction over them when they acted solely in the furtherance of their official positions would be to extend the long-arm statute too far. Accordingly, the exercise of jurisdiction over these appellees would be improper under ARCP 4.2. Therefore the judgment of the trial court dismissing the complaint is affirmed."
In the instant case, the facts are very similar to those inThames, supra, although the four nonresident defendants do not hold the title of bank officers, but are employees of an insurance company working in the claims department. From the allegation in the complaint and exhibits attached thereto, it appears that they had valid justification to request and obtain additional records and information as to the date of what they alleged to be a second injury before paying the claim.
"`In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.'" Brooks v. Inlow, 453 So.2d 349, 353 (Ala. 1984), quoting Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482,79 L.Ed.2d 804 (1984). Each defendant's contacts with the *Page 1187 
forum state must be assessed individually, and maintenance of the suit must not offend "traditional notions of fair play and substantial justice." Brooks v. Inlow, at 353, quoting Calderv. Jones.
After reviewing the complaint, exhibits, and affidavits filed in this case, we find that the assertion of personal jurisdiction over these four defendants would offend traditional notions of fair play and substantial justice. Therefore, the judgment dismissing them as defendants is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.