Charles E. Sekeres petitions this Court for a writ of mandamus ordering the circuit court to grant his motion to dismiss him from an action for lack of personal jurisdiction over him. Sekeres is the sole stockholder, president, and chief executive officer of Physicians Weight Loss Centers of America, Inc. ("PWLC"), and he personally designed and formulated the diet program marketed by PWLC, with assistance from others. Mary Beth Vest, as administratrix of the estate of Jimmy Ray Vest, deceased, filed a wrongful death action in the Circuit Court of Lauderdale County against Sekeres, PWLC, and others, alleging that Jimmy Ray Vest's death *Page 641 
was proximately caused by his participation in the PWLC diet program. The circuit court denied Sekeres's motion to dismiss.
Rule 4.2(a)(1), Ala.R.Civ.P., allows service of process "outside of this state upon a person in any action in this state" when the person has "sufficient contacts with this state . . . so that the prosecution of the action against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States." "Sufficient contacts" is defined in Rule 4.2(a)(2), and Rule 4.2(a)(2)(I) states that a person has sufficient contacts with this state "when that person . . . may be legally responsible as a consequence of . . . having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action." These provisions have been held to extend the inpersonam jurisdiction of the courts of this state to the permissible limits of due process. Bryant v. Ceat S.p.A.,406 So.2d 376 (Ala. 1981), cert. denied, 456 U.S. 944,102 S.Ct. 2008, 72 L.Ed.2d 466 (1982); Alabama Power Co. v. VSL Corp.,448 So.2d 327 (Ala. 1984); Ex parte Paul Maclean Land Services,Inc., 613 So.2d 1284 (Ala. 1993).
Sekeres relies principally upon Thames v. Gunter-Dunn, Inc.,373 So.2d 640 (Ala. 1979), quoting the following excerpts from that opinion:
 "[I]t is clear that jurisdiction over individual officers or employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself. [Citations omitted.]
 ". . . It is established that there must be a showing that the individual officers engaged in some activity that would subject them to the state's long-arm statute before in personam
jurisdiction can attach.
 "In Idaho Potato Comm'n v. Washington Potato Comm'n, 410 F. Supp. 171, 181 (D.Idaho 1975), the court said:
 " '[U]nless there is evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie. Fashion Two Twenty, Inc. v. Steinberg,339 F. Supp. 836, 842 (E.D.N.Y. 1971).'
 "In this case there was no allegation that the corporate entity was a sham or facade intended only to protect the individual appellees. Nor was there a showing that the appellees engaged in any business for personal gain or profit or any transaction which was outside the scope of their employment with the bank. Thus the corporation could not be said to have acted as an agent of the individual appellees so as to become their alter egos and to warrant personal jurisdiction over them.
". . . .
 "Finally the appellant contends that sufficient contacts existed to justify extending personal jurisdiction over [the corporate employees]. . . .
 "While it is sometimes proper to hold that a foreign corporation or bank whose agents acted in Alabama, and caused ramifications in this state, has sufficient contacts with the state to warrant jurisdiction, it is a totally different matter to hold that individual officers have such . . . contacts. In this case the officers had never been present in Alabama, and there was no proof that the appellees were conducting any personal business either through the use of the corporation as an alter ego, or through personal agents in this state. Thus this Court finds that the . . . contacts necessary to extend personal jurisdiction are lacking."
373 So.2d at 641-43.
After Thames, however, this Court addressed the question ofin personam jurisdiction over seven corporate officer/employee defendants in Brooks v. Inlow, 453 So.2d 349 (Ala. 1984). The Court affirmed the circuit court's holding that it had no jurisdiction over the two defendants who had never been present in Alabama, but reversed the judgment in favor of the five defendants who had come to Alabama on corporate business. The Court in Brooks distinguished Thames by emphasizing the statement in Thames that the bank officers had never been present in Alabama. The Court has similarly found personal jurisdiction over directors or officers of corporations inKeelean v. Central *Page 642 Bank of the South, 544 So.2d 153 (Ala. 1989); Duke v. Young,496 So.2d 37 (Ala. 1986); Alabama Waterproofing Co. v. Hanby,431 So.2d 141 (Ala. 1983); and View-All, Inc. v. United ParcelService, 435 So.2d 1198 (Ala. 1983).
The only evidence in this case is Sekeres's affidavit and a copy of a deposition of Sekeres taken in a similar case filed against him and PWLC in the Mobile Circuit Court. In both his affidavit and his deposition, he states that he has been in Alabama "two or three" or "no more than three" times to visit an Alabama PWLC franchisee. Under the holding inBrooks and the cases discussed therein, this is sufficient to establish the contacts necessary for an assertion of jurisdiction.
It is fair and reasonable to subject Sekeres to jurisdiction here. The deposition establishes Sekeres's personal involvement in developing and marketing the diet program that the plaintiff alleges caused Jimmy Ray Vest's death. It is true that he performed these acts as an officer of the corporation that he established for the purpose of developing and marketing the diet program. Sekeres insists that there is insufficient evidence here to allow the court to impose liability upon him individually, but Vest responds by arguing that there has been insufficient discovery in this case for one to determine whether the corporation is in fact a sham and so controlled as to be merely an instrumentality of Sekeres. Vest responds that Sekeres has sufficient contacts with Alabama to support the circuit court's exercise of jurisdiction over him individually. For example, several of the counts of her complaint allege that the defendants fraudulently misrepresented the degree of physician participation in the PWLC diet program and that, in reliance on the defendants' misrepresentations, Jimmy Ray Vest participated in the diet program and his participation, she alleges, proximately caused his death. She asserts that Sekeres should be personally liable for these misrepresentations made through his diet plan that was sent into Alabama, especially in light of his personal visits to franchisees here.
Mandamus is an extraordinary remedy that will not be granted absent a clear showing of a right to relief. Ex parte McDuffie,624 So.2d 1063 (Ala. 1993); Ex parte King, 591 So.2d 464
(Ala. 1991). For the reasons stated above, Sekeres has not shown a clear right to be dismissed from the action for lack of inpersonam jurisdiction over him.
WRIT DENIED.
SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.