MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
The main opinion states that “the conspiracy averments in the complaint must exceed ‘bald speculation’ and mere conclu-sory assertions.” 963 So.2d at 623 (citing Ex parte McInnis, 820 So.2d 795, 806-07 (Ala.2001)). The opinion then states: “However, this burden is not heavy, especially ‘[w]hen determination of the jurisdictional facts is intertwined with and may be dispositive of questions of ultimate liability,’ ” 963 So.2d at 623 (quoting McLaughlin v. Copeland, 435 F.Supp. 513, 530 (D.Md.1977)). The opinion further states that the reason “this burden is not heavy” is “because ‘[t]o require a more substantial showing in a case alleging a civil conspiracy would be ... “harsh, if not impossible” in view of the difficulties of pleading and proving a conspiracy,’ ” id. (again quoting McLaughlin, 435 F.Supp. at 530, in turn, quoting Mandelkorn v. Patrick, 359 F.Supp. 692, 696 (D.D.C.1973)).
As I read McLaughlin and Mandelkom, the above-quoted passages from those cases address the evidentiary showing required of a plaintiff seeking to base in personam jurisdiction upon a defendant’s involvement in a conspiracy. That eviden-tiary showing is, as explained in the main opinion, something different from the plaintiff’s pleading requirement and, in fact, need not be made unless and until the defendant makes a sufficient evidentiary showing to rebut the plaintiffs conspiracy allegations. I therefore am concerned that the main opinion may be read as suggesting that, in a case where a plaintiff seeks to rely upon a conspiracy to establish a court’s in personam jurisdiction over a defendant, the plaintiffs pleading burden is not a relatively “heavy” one — insofar as pleading requirements go. Indeed, as the full passage from Ex parte McInnis, which is referenced by the main opinion, states: “ ‘ “Bald speculation” or a “conclusionary statement” that individuals are co-conspirators is insufficient to establish personal jurisdiction under a conspiracy theory.... Instead, the plaintiff must plead with particularity “the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.” ’ ” 820 So.2d at 806-07 (quoting Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1031 (D.C.Cir.1997) (citations omitted) ).
This Court, in Mclnnis, emphasized that a “ ““ “defendant’s conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there,” ”” ” 820 So.2d at 803 (emphasis omitted) (quoting Sudduth v. Howard, 646 So.2d 664, 667 (Ala.1994)), and that “ ‘a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state,’ ” 820 So.2d at 804 (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). Applying these principles, as well as the above-quoted principle that a complaint must include more than conclusory assertions, the Mclnnis Court held that the allegations of the complaint in that case relating to one of the named defendants, Borka, were insufficient to make out a case for in person-am jurisdiction over him:
*626 “[W]hile the last cause of action in the plaintiffs amended complaint expressly alleges that Mclnnis, Borka, and Shin-gleton, as well as other defendants, conspired together in most aspects of their alleged tortious conduct, these pleadings do not allege that they conspired together in marketing the product within Alabama. ... Absent express and sufficient allegations of either agency ... or a conspiracy between or among Borka and Mclnnis, Shingleton, or both, specifically to develop Alabama as a market, we cannot impute to Borka for the purpose of supporting personal jurisdiction over him, either the intentions and purposes of Mclnnis or Shingleton to develop Alabama as a market or their physical presences in Alabama.”
Ex parte McInnis, 820 So.2d at 806-07 (emphasis added).
It is based upon those allegations of the complaint that, as described in the main opinion, allege a conspiracy directed at Alabama and entities in Alabama, and upon the shortcomings of the petitioners’ evidentiary showings in response to those allegations, that I concur in the result reached by the main opinion. In so doing, I would echo what this Court, quoting Justice Houston’s special concurrence in Ex parte Sekeres, 646 So.2d 640, 642 (Ala.1994), said in McInnis: “ ‘It may well be that in personam jurisdiction of [the petitioners] exceeds the limits of due process, but I cannot say, based upon the record now before this Court, that the trial court clearly erred in denying the motion to dismiss or that [the petitioners have] a clear and indisputable right to be dismissed from this action’ ” at this stage in the proceedings. Ex parte McInnis, 820 So.2d at 806.