MURDOCK, Justice
(concurring in the result).
The main opinion bases its holding, in part, on the contacts' at issue here being “random,” “fortuitous,” and “attenuated.” 151 So.3d at 1080 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Because I do not find the contacts at issue here to be “random, fortuitous, and attenuated,” in the sense contemplated in Burger King and the cases it cites as examples (e.g., World-Wide Volkswagen Corp. v. Wood- *1083 son, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (involving an accident that just happened to occur in Oklahoma resulting from alleged defects in a car purchased by the plaintiffs in New York and unilaterally driven by the plaintiffs into Oklahoma)), I concur in the result reached by the main opinion, but not in the entirety of its analysis. Granted, the flatbed trailer at issue in this case did end up in Alabama through no fault of Builders Transportation Company, LLC (“Builders”). Once it did, however, and Builders received a telephone call from an Alabama resident, Builders then voluntarily, knowingly, and deliberately proceeded to enter into a contract (or what is alleged to be a contract) with an Alabama resident for the payment of money to be received in Alabama for actions to be performed in Alabama.
In place of the alleged “randomness” of the contacts with the State of Alabama, I would place emphasis on the fact that the claims in this case are based on a contract between an out-of-state entity and an Alabama resident and that the out-of-state entity that is a party to that contract is not Merches. Merches may have been the employee or agent of the out-of-state corporation through which that corporation acted to enter into the alleged contract, but he did so only on behalf of that corporation. That corporation, Builders, may or may not have sufficient contact with Alabama to be amenable to suit here, but that is not the question before us. No contacts exist between Merches individually and Alabama that would subject him personally to the jurisdiction of our courts as to the claims at issue here. See, e.g., Ex parte Kohlberg Kravis Roberts & Co., L.P., 78 So.3d 959, 974 (Ala.2011), distinguishing between contract-based actions and certain tort actions and quoting with approval from Thames v. Gunter-Dunn, Inc., 373 So.2d 640, 641-42 (Ala.1979), quoting in turn Idaho Potato Comm’n v. Washington Potato Comm’n, 410 F.Supp. 171, 181 (D.Idaho 1975), as follows:
“ ‘[Ujnless there is evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie. Fashion Two Twenty, Inc. v. Steinberg, 339 F.Supp. 836, 842 (E.D.N.Y.1971).’ ”
As to the claims of abuse of process and malicious prosecution, I also see no actions by Merches other than as agent for Builders, the owner of the stolen property.