This is a petition for writ of certiorari seeking our review of the Court of Civil Appeals' affirmance of a judgment of the Circuit Court of Madison County dismissing a paternity suit against Earl Horton. We affirm, but not for the same reason given by the Court of Civil Appeals.
Ms. Darlene Fletcher initiated this paternity proceeding on August 20, 1973, alleging that Earl Horton was the father of her child, Tracey Eugene Fletcher. The Circuit Court issued a warrant of arrest for Horton on August 20, 1973. That warrant was not executed until November 9, 1977, more than four years later. No reason was asserted for this delay. Horton had no notice of the charges against him until the day of his arrest in November, 1977. He had resided at the same address in Huntsville for twelve years and had the same employment for twenty-five years.
On May 11, 1978, a hearing was held by the trial judge on Horton's motion to dismiss. That motion asserted as grounds for the dismissal the denial of the right to a speedy trial, laches, the statute of limitations, denial of due process in the almost five year lapse between the filing of the complaint and the proceedings, discontinuance by failure to prosecute under ARCP 41 (b), unreasonable delay in execution of the arrest, and violations of ARCP 4 and 4.9 and § 6-4-1, Code 1975. The trial judge granted the motion without stating on which of these grounds his decision was based. The State appealed, asserting only that the right to a speedy trial is not applicable in a paternity suit. The Court of Civil Appeals affirmed on "speedy trial" grounds.
Rule 41 (b) of the Alabama Rules of Civil Procedure provides:
 "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
Because of the similarity between the Federal Rules of Civil Procedure and the Alabama Rules, a presumption arises that cases interpreting the Federal Rules are authority that may be used to construe the Alabama Rules. Assured Investors LifeInsurance Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978). The term "failure to prosecute" in FRCP 41 (b) has been explained as follows:
 "At any rate, `failure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." Bendix Aviation Corp. v. Glass, 32 F.R.D. 375, 377 (E.D.Pa. 1962), aff'd 314 F.2d 944 (3rd Cir.), cert. denied 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).
Failure to serve process within a reasonable time may amount to a failure to prosecute. 5 Moore's Federal Practice ¶ 41.11[2], at pp. 134-35 (2d ed. 1948).
Dismissal under Rule 41 (b) is an act within the discretion of the trial court and will be reversed only for an abuse of that discretion. Whitehead v. Baranco Color Labs, Inc.,355 So.2d 376 (Ala.Civ.App. 1978). In reviewing the trial court's disposition of such a motion, the appellate courts need only determine that the trial court's action was supported by the evidence. Strickland v. National Gypsum Co., 348 So.2d 497
(Ala.Civ.App. 1977). *Page 1098 
The warrant of arrest was issued in this case on August 20, 1973. It was not executed until Nov. 9, 1977. No reason was presented to explain this delay of more than four years. Until the day of his arrest, Horton had no notice of any paternity action against him by Ms. Fletcher. Horton had resided at the same address in Huntsville for twelve years and had the same employment for twenty-five years. During the four years between the issuance of the warrant and its execution, he had been out of the State only sporadically for vacations which lasted at most two weeks.
The trial judge did not abuse his discretion in granting the motion to dismiss based on ARCP 41 (b). Sufficient evidence was presented to justify the judge's decision.
AFFIRMED.
All the Justices concur.