The issue in this case is whether the trial court erred in dismissing the plaintiff's personal injury action because she had failed to perfect service upon the defendant within a reasonable time.
The lawsuit arose out of an automobile accident that occurred in November 1987. In November 1989, Alsie Mae Hill timely filed suit against Colleen Hawkins and other fictitiously named defendants alleging negligence, willfulness, and wantonness. Her husband also sued, alleging a loss of consortium, but he is not involved in this appeal.
On December 20, 1989, the sheriff returned his certificate of service of the summons *Page 1106 
with a notation indicating that Colleen Hawkins was "not found" because she was deceased. The record shows that this action regarding service was duly noted on the trial court's case action summary sheet.
In May 1990, the trial judge wrote to Hill's attorney:
 "I have examined the court records with regard to the above referenced case and find that the summons and complaint have never been served and that the defendant is now deceased.
 "Please contact this office immediately and inform us what further action you plan to take, if any. If no action is taken within ten days, I will assume you will not proceed and the case will be dismissed."
Three months later, having heard nothing from Hill or her attorney, the trial judge dismissed the matter, without prejudice, "due to lack of service upon the Defendant." Hill's attorney filed a motion to reinstate the case to the docket, and as grounds therefor, stated:
 "1. That on or about August 6, 1990, this cause of action was dismissed due to lack of service upon the Defendant.
 "2. That the defendant, Colleen M. Hawkins, died on or about October 18, 1988.
 "3. That the Executor [of] the Defendant's estate is living out of state. "4. That said Executor's address is unknown at the present time but will be ascertained and provided to the court."
The trial judge denied the motion to reinstate, finding that Hill had been aware of Colleen Hawkins's death since 1989 and that she had had ample time to locate the executor. Hill appeals.
Hill contends that the trial court abused its discretion by dismissing her lawsuit. She bases this contention on the assertion that she was without fault in the failure to perfect service because, she said, "the death of Colleen M. Hawkins and the absence of the executor . . . from this State were totally beyond [her] control."
Whether to dismiss an action under Rule 41(b), Ala.R.Civ.P., is within the discretion of the trial court, and a dismissal pursuant to that rule will be reversed only for an abuse of that discretion. State v. Horton, 373 So.2d 1096 (Ala. 1979). In reviewing such a dismissal, the appellate court need only determine whether the trial court's action was supported by the evidence. Id.
In the present case, despite the trial court's admonition that failure to act further on the matter within 10 days would result in a dismissal of the action, the record reveals that no action was taken. Contrary to Hill's contentions, there is no evidence in the record that service was ever attempted upon the executor of Colleen Hawkins's estate.
The failure of a plaintiff to attempt to serve the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case. Rule 41(b), Ala.R.Civ.P.; Crosby v. Avon Products, Inc., 474 So.2d 642
(Ala. 1985).
Based upon the facts and circumstances of this case, we hold that the trial judge did not abuse his discretion by dismissing the plaintiff's action. There was sufficient evidence to justify the judge's decision. The trial court's dismissal of the plaintiff's action is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.