KENNEDY, Justice.
Gaddis G. Hall sued AMI Brookwood Medical Center (“Brookwood”), alleging breach of implied contract, negligence, and conversion. His allegations stated that while he was a patient at Brookwood he was sexually assaulted and two $20 bills were taken from his possession.
Trial commenced on June 10, 1991. On June 12, 1991, counsel for Hall notified the trial court that Hall had been admitted to a hospital for observation and diagnostic *479 tests because of a possible heart attack. Hall remained hospitalized until June 14, 1991, for a series of tests. A continuance was granted until June 17, 1991, to determine the extent of Hall’s medical condition. These tests concluded that Hall had severe narrowing of his aortic artery. As a result of this diagnosis, Hall’s physician, Dr. Jerry Chandler, recommended that Hall have an operation before continuing with the trial. Dr. Chandler said, “Mr. Hall must avoid all strenuous physical activity and serious emotional activity, or otherwise he may suffer risks of further heart damage and possible death.” Hall’s condition precluded him from continuing the trial because, in the words of Dr. Chandler, such “activity may well pose a medical risk to Mr. Hall and could cause further heart damage and decomposition, or his death.” (R. 6.)
On June 17, 1991, Hall moved for a mistrial on the grounds that he could no longer continue due to the severity of his medical disorder. Although the trial court denied Hall’s motion, it gave a second continuance for seven days, until June 24, 1991. This second continuance was granted under the stipulation that on June 24, 1991, Hall would inform the court whether he would continue with the trial or would have the operation. If neither decision were reached, the trial court would dismiss the action. The trial court stated:
“If he elects to have his heart surgery and go on in and have his heart surgery, then I will continue this over until he has his heart surgery. If he does not have his heart surgery, then this Court expects to continue with the trial of this case on June the 24th, 1991.”
On June 24, 1991, Hall notified the trial court that he could not continue because of his condition and that he would not undergo heart surgery by that date. On June 24, 1991, the trial court involuntarily dismissed Hall’s action for want of prosecution, under Rule 41(b), Ala.R.Civ.P. This rule provides:
“For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him....”
Although dismissal of a case is a severe action, trial courts are vested with wide discretion in determining whether incidents occurring during the course of the trial affect the right of either party to a fair trial so as to require a mistrial. General Finance Corp. v. Smith, 505 So.2d 1045, 1049 (Ala.1987); Bucyrus-Erie Co. v. Von Haden, 416 So.2d 699, 701 (Ala.1982); Thompson-Weinman & Co. v. Robinson, 386 So.2d 409, 409 (Ala.1980).
“Whether to dismiss an action under Rule 41(b), Ala.R.Civ.P., is within the discretion of the trial court, and a dismissal pursuant to that rule will be reversed only for an abuse of that discretion. State v. Horton, 373 So.2d 1096 (Ala.1979). In reviewing such a dismissal, the appellate court need only determine whether the trial court’s action was supported by the evidence. Id.”
Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.