RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s order dismissing the plaintiffs’ action with prejudice for failure to prosecute.
In June 1993 Kenneth Alan Smith filed a complaint against Willie James Savage, wherein Smith alleged that Savage was wrongfully detaining personal property owned by Smith. Smith requested that the trial court award him $15,000 in compensatory damages and $5,000 in punitive damages.
Savage filed an answer and a counterclaim for past due rent. Smith filed a motion to add his sister, Stephanie Regina Smith, as a plaintiff because she was a co-owner of the personal property which was the subject of the complaint. The motion was granted.
Smith also filed an amended complaint, wherein he alleged that the actions of Savage had caused him to lose income. Smith sought compensatory and punitive damages. Savage’s motion to strike the request for punitive damages was granted.
Savage also filed a motion for a protective order, wherein he alleged that the interrogatories filed by the Smiths on March 4, 1994, were essentially the same as interrogatories which had been previously answered. The trial court granted Savage’s motion for a protective order.
The trial of the case was set for June 20, 1994. On that date, the trial court issued the following order:
“This cause having heretofore been set for trial this day and [the Smiths] having failed to appear, [Savage] appearing in person and represented by counsel and making a motion to dismiss this cause in open court for [the Smiths’] failure to prosecute;
“It is ORDERED that said motion be and hereby is granted, and this case is hereby dismissed with prejudice. [Savage’s] counterclaim is dismissed on his own motion.
“DONE and ORDERED at Tuscumbia, Alabama, this the 20th day of June 1994.”
Our review of the record reveals that the Smiths were appearing pro se at the trial level. Kenneth Smith was unable to attend the trial because he was incarcerated. Although the docket list stated, “ATTORNEYS AND PARTIES TO BE PRESENT AT 8:30 A.M. on June 20, 1994,” Stephanie Smith did not arrive at the courthouse until 9:30 a.m. because her car had a flat tire.
The Smiths filed a motion for a new trial, which was denied. Thereafter, the Smiths filed a Rule 60(b) motion, which was denied.
The Smiths appeal. This ease is before this court pursuant to Ala.Code 1975, § 12- *1024 2-7(6). The appellee has not favored this court with a brief on appeal.
On appeal, the Smiths request that this court order a new trial; allow Kenneth Smith, who is incarcerated, to appear at the trial of this matter; allow them to conduct discovery; and allow them to seek punitive damages.
Our supreme court has held on previous occasions that a prisoner has no right to appear and testify in his own civil suit unrelated to his confinement. Hubbard v. Montgomery, 372 So.2d 315 (Ala.1979). Our supreme court also stated, “[i]ncarceration alone is no excuse to avoid a dismissal for want of prosecution.” Hubbard, 372 So.2d at 316.
However, our review of the record reveals that Stephanie Smith stated in her affidavit of July 8, 1994, that although she was prepared to present evidence to the court, she did not arrive at the courthouse until 9:30 a.m. because her car had a flat tire. The issue becomes whether the trial court abused its discretion in dismissing the case, pursuant to Rule 41(b), Ala.R.Civ.P., for want of prosecution.
It is well settled that it falls within the judicial discretion of the trial court to dismiss an action for want of prosecution when the plaintiff fails to appear at the trial of the case. Thompson v. McQuagge, 464 So.2d 105 (Ala.Civ.App.1985). The trial court’s determination will not be disturbed on appeal unless there is an abuse of that discretion. Thompson, 464 So.2d 105.
In Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981), our supreme court discussed the following factors which should be considered in determining whether to grant or deny a dismissal with prejudice for want of prosecution:
“Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits.
“In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. ‘Willful’ is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.”
(Citations omitted.)
The facts in this case do not justify dismissal with prejudice. Stephanie Smith stated in her affidavit that she did not reach the courthouse until 9:30 a.m. on the morning scheduled for trial because her car had a flat tire. Based on the record before this court, there does not appear to be any undue delay, willful default, or contumacious conduct on the part of the Smiths. Therefore, the judgment is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
In addition, as indicated, the Smiths raise two additional issues. They contend that the trial court committed reversible error in granting Savage’s motion for a protective order.
Our review of the record reveals that on January 4, 1994, Savage filed a response to the Smiths’ request to produce and that on January 31, 1994, Savage answered interrogatories propounded to him. On March 4, 1994, the Smiths filed additional interrogatories to be answered by Savage. On April 15, 1994, Savage filed a motion for a protective oi'der, wherein he alleged that the interrogatories were “merely to harass, intimidate and cause defendant unnecessary work” and that he had “already answered interrogatories propounded to him by plaintiff which are substantially the same requests.”
Rule 26(c), Ala.R.Civ.P., governs protective orders. The rule was amended, effective August 1, 1992, as follows:
“A motion for a protective order shall be accompanied by a statement of the attorney for the moving party stating that the attorney, before filing the motion, has endeavored to resolve the subject of the dis *1025 covery motion through correspondence or discussions with opposing counsel or, if the opposing party is not represented by counsel, with the opposing party.”
(Emphasis added.)
The committee comments to this amendment to Rule 26(c) state the following:
“The portion of the first paragraph requiring a statement of the attorney for the moving party was added so as to require all attorneys to confer with opposing counsel before moving for a protective order. The committee hopes that most discovery disputes will be resolved between counsel without resort to provisions regarding protective orders.”
In the present case, we would note that Savage failed to file a statement that he had endeavored to resolve the matter through correspondence or discussion with the Smiths prior to filing the motion for a protective order. Further, the record does not indicate that such discussions ever took place. In light of the requirement of Rule 26(c) and the fact that the judgment has been reversed and the cause remanded, the trial court may want to reconsider its order granting the motion for a protective order.
In their final contention, the Smiths assert that the trial court committed reversible error in granting Savage’s motion to strike their claim for punitive damages. Savage’s motion to strike the Smiths’ claim for punitive damages alleged the following:
“1. That the plaintiff has asked for punitive damages in a rambling and disjointed complaint.
“2. Defendant is unable, under the Alabama Rules of Civil Procedure, to properly and adequately defend this lawsuit due to imprecise allegations made by plaintiff.
“3. Even given the liberalness of the Alabama Rules of Civil Procedure, plaintiff has failed to complain any proper language for punitive damages and plaintiffs request for punitive damages should be stricken from his complaint.”
This court recognizes that the Smiths were acting as pro se plaintiffs and that they might not have included language as precise as an attorney might have included in the complaint. However, the Smiths did give notice that they were seeking punitive damages from Savage for his alleged misconduct toward them. In view of the fact that under Rule 8, Ala.R.Civ.P., a pleading is sufficient if it gives fair notice to the opposing party the claim is asserted by the pleader and the grounds upon which the claim is based, the trial court again may want to reconsider its order granting the motion to strike the Smiths’ claim for punitive damages.
In light of the foregoing, the judgment is due to be reversed and the cause remanded to the trial court for proceedings consistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1976, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in the result.