RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the circuit court’s judgment in favor of the landlord in an eviction action.
Skyline Shopping Center, a partnership (landlord), filed a notice of eviction action in the District Court of Autauga County against Eric Peagler d/b/a E & E Training & Fitness Center (tenant). The tenant filed a counter-affidavit. The district court held a hearing and issued an order, wherein it found in favor of the landlord.
The tenant appealed the judgment to the Circuit Court of Autauga County and requested a jury trial on all issues. The circuit court set the trial for May 25, 1994, at 9:00 a.m. The tenant filed a notice of conflict because his attorney was involved in a trial in federal district court, and he requested that the trial date be reset.
The circuit court granted the request and reset the trial for June 3, 1994, at 8:00 a.m. The tenant, once again, filed a notice of conflict because his attorney was still involved in a trial in federal district court, and he requested that the trial date be reset.
Neither the tenant nor his attorney was present before the circuit court at 8:00 a.m. on June 3,1994. The circuit court denied the *283 tenant’s request for a continuance. The landlord and his attorney were present and the case proceeded to trial. The circuit court issued an order, wherein it found that the tenant was guilty of unlawful detainer, and judgment was entered in favor of the landlord.
The tenant filed a motion to vacate the judgment, pursuant to Rule 59, Ala.R.Civ.P. The motion was denied.
The tenant appeals.
The dispositive issue is whether the trial court committed reversible error when it declined to grant the tenant’s motion for continuance.
In Vold v. Hand, 366 So.2d 279 (Ala.1979), our supreme court discussed the issue of whether it is an abuse of discretion for the trial court to decline to grant a continuance under circumstances where the attorney is involved in the trial of another case elsewhere.
Our supreme court stated that the mere fact that an attorney is involved in the trial of another case elsewhere does not confer an absolute right to a continuance. A trial court’s denial of a motion for a continuance under such circumstances will generally be affirmed as exercise of the trial court’s broad discretion in such matters.'
Our supreme court further recognized that there may be cases where the denial of a motion for a continuance under such circumstances might be considered an abuse of the trial court’s discretion. Our supreme court emphasized that in order for the denial of a motion for a continuance to be considered an abuse of discretion, it must be shown that (1) the attorney is actually engaged in the trial of the other cause at the time set for trial, (2) other professional advice is unavailable, and (3) a meritorious cause of action or defense cannot be competently offered in the absence of the attorney.
In the present case, the tenant’s attorney was involved in a trial in federal district court in Montgomery. However, the circuit court judge was aware that the proceedings would not begin in federal court until 9:00 a.m. Consequently, he set the trial of the present case for 8:00 a.m. on June 3, 1994.
On June 2,1994, the tenant’s attorney filed a request that the trial be reset. Even though the circuit court had not yet ruled upon the tenant’s request to reset the trial, neither the tenant nor his attorney were present in the circuit court at 8:00 a.m. on June 3, 1994.
The record reveals the following: The proceedings in federal district court in Montgomery were not set to begin until 9:00 a.m.; therefore, the tenant’s attorney was not actually engaged in the trial of the other cause at the time set for trial. Although the circuit court had not yet ruled upon the tenant’s request to reset the trial, the tenant’s attorney failed to appear before the circuit court at 8:00 a.m. on June 3,1994, and he instructed his client not to appear in court either.
In light of the above, we cannot find that the circuit court abused its discretion when it declined to grant the continuance in the present case.
The tenant also argues that the circuit court committed reversible error when it proceeded to hear the matter in a non-jury trial in light of the fact that the tenant requested a trial by jury in his notice of appeal from district court to circuit court.
However, Rule 38(d), Ala.R.Civ.P., provides the following pertinent statement: “The failure to appear, in person or by counsel, at the trial is a waiver of trial by jury.” Consequently, when neither the tenant nor his attorney appeared before the circuit court at 8:00 a.m. on June 3, 1994, the tenant’s demand for a jury trial was waived.
Based upon the foregoing, this case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.