YATES, Judge.
In 1991, a Georgia corporation failed to remit to the Alabama Department of Revenue income taxes that it had withheld from the wages of its employees who were Alabama residents working in Alabama. In December 1993, the Department entered a final assessment against Sandy Rivers, a Georgia resident and former office manager of the corporation, now bankrupt, alleging that she was a person responsible for paying over the withheld taxes to the Department. Rivers did not appeal the assessment in the time prescribed by § 40-2A-7(b)(5)b., Ala.Code 1975, and, as a result, the Department garnished her bank account by serving a writ of garnishment upon Bank South’s legal agent in Alabama, pursuant to § 40-2-11(16), Ala. Code 1975.
Rivers filed a claim of exemption, which the Department contested. Contemporaneously, the Department filed in the circuit court a complaint for a declaratory judgment; Rivers then moved to dismiss, arguing that jurisdiction was improper and that the De *788 partment had failed to state a claim upon which relief could be granted.
The trial court, at the request of the Department, set a hearing on the matter; however, the Department failed to appear at the hearing. The trial court dismissed the Department’s complaint for declaratory judgment, holding that the court lacked personal jurisdiction over Rivers and ordering the Department to release the garnishment lien and to immediately return to Rivers all moneys being held. The Department then filed a post-judgment motion stating that the Department had not been represented by counsel at the hearing because of inadvertence; the trial court denied the motion.
The Department appeals, contending (1) that the trial court erred in failing to grant relief from the judgment on the basis that the Department had not received notice of the hearing and (2) that the trial court exceeded its jurisdiction when it entered a judgment setting aside the Department’s final assessment.
As to the first issue, the court stated that it served the Department with notice of the hearing in the same manner that it had always served the Department and everyone else.
“As a general rule, Alabama eases have held that a party ... has a duty to follow the status of his own case, and no duty rests upon either the court or opposing parties to advise that party of his trial date. Additionally, Alabama courts have held that even where it is customary for the circuit clerk to notify parties not represented by counsel of their trial date, a party’s reliance upon such custom is unjustified and may warrant the dismissal of his case upon his failure to appear for trial. Finally, ... the dismissal of a party’s case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court.”
Bowman v. Slade, 501 So.2d 1236, 1237 (Ala.Civ.App.1987) (citations omitted). The trial court acted within its discretion in denying the Department’s motion for relief from judgment, even though the Department contends that it never received notice.
The Department also contends that the trial court’s determination that Rivers was not a “responsible person”[1] rendered the assessment against Rivers void, making it impossible for the court to have subject matter jurisdiction over the assessment. We disagree with the Department’s characterization of the issue.
The trial court’s order stated the following regarding jurisdiction:
“Rivers, having been employed by ... a Georgia corporation, was not a ‘responsible party’ ... and was thus not responsible for any unremitted taxes; ... Rivers, as a resident of Georgia, does not have the necessary minimal contacts with the State of Alabama, depriving this Court of jurisdiction over her person and property....”
The Department argued that an officer of the corporation authorized Rivers to write checks for the corporation and that Rivers had access to the corporate checking account. However, Rivers testified by affidavit that she was the office manager of the corporation but that she had “never had the authority to sign any check or disburse any funds.... This failure of [the president of the corporation] to pay over withholding taxes, I believe has somehow been mistakenly attributed to me.... I own no property in Alabama and am not a resident there.”
Alabama’s long-arm jurisdiction rule does not subject Rivers to the personal jurisdiction of Alabama courts. See Rule 4.2(a), Ala.R.Civ.P. Rivers’s only contact with Alabama was through her employment with a Georgia corporation that did business in Alabama. To find that the trial court had personal jurisdiction over her would deny Rivers due process. “[D]ue process requires only that in order to subject a defendant to a judgment in personam, if [she] be not present within the territory of the forum, [she] have certain minimum contacts with it such *789 that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). See Pierce v. Heyman, 480 So.2d 1185 (Ala.1985).
Because the trial court lacked personal jurisdiction over Rivers, the granting of the motion to dismiss was proper. Therefore, the trial court correctly ordered the release of all moneys held by the Department pursuant to the assessment and pursuant to its garnishment of Rivers’s bank account.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.

. Section 40-29-72(b) defines the term "person” as "an officer of a corporation, or a member of a partnership, who as such officer, or member is under a duty to perform the act in respect of which the violation occurs.”