ROBERTSON, Presiding Judge.
Jennifer Sparks appeals from the trial court’s order denying her motion to reinstate following the dismissal of her worker’s compensation action.
Sparks was injured in July 1993 during her employment with Real Estate Financing, Inc. She filed suit in the Montgomery County Circuit Court for worker’s compensation benefits on July 27,1995. The trial court set the case for trial on Tuesday, September 3,1996. On August 29, 1996, the parties filed a joint motion to continue, stating that Sparks had not reached maximum medical improvement. The trial court denied the motion on August 30, 1996, and a letter/order was sent to the parties’ attorneys via facsimile, which stated:
“I am in receipt of the joint motion to continue the trial of this ease.
“The Complaint in this case alleges that Ms. Sparks hit her head on the side of her desk and suffered post-concussion syndrome. The motion to continue reflects that she has not yet reached maximum medical improvement, and her treating physician believes that TMJ, which I take to mean temporal mandibular joint, irrigation is needed at this time. I know that I am not as familiar with the medical aspects of this case as counsel; however, I am at a loss to understand what treatment to Ms. Sparks’ temporal mandibular joint has to do with this case.
“Ms. Sparks alleges that she was injured on July 27, 1993, and this action was filed two years to the date she alleges she was injured. At this point, it has been over three years since the date of her injury, and in this Court’s opinion, sufficient time has passed for the case to be tried.
“While I do not wish to be unfair’ to Ms. Sparks in this case, the fact of her recent relapse close to the trial date, and the fact that she did not receive medical treatment until even closer to the trial date, is too coincidental.
“I will expect to try this ease on September 3,1996.”
Sparks appeals, contending that the trial court erred by denying a joint motion to continue, in dismissing her case with prejudice, and in denying her motion to reinstate. On October 10, 1996, Sparks filed a petition for a writ of mandamus to require the trial court to hold a final hearing on her worker’s compensation claim. This court has consolidated the petition for writ of mandamus with this appeal.
Sparks first argues that the trial court erred in denying the joint motion to continue. There is no question that Sparks’s attorney was aware of the September 3, 1996, trial date. Sparks’s attorney had been given notice of the trial date at the March 8, 1996, scheduling conference and reference was also made to the date in the joint motion to continue. Neither Sparks nor her attorney appeared in court on September 3, 1996. Sparks’s attorney contends that she did not receive the facsimile of the letter/order until September 4, 1996. However, the record indicates that the trial court contacted Sparks’s attorney’s office to obtain the correct facsimile number since the number on her letterhead was incorrect. The record also contains a receipt of the completed facsimile transmission.
Sparks’s attorney attributes their failure to appear at the trial to (1) improper notice, and (2) their reasonable belief that the cause had been continued. We find no merit in either argument. We conclude from a review of the record that the letter/order of the trial court was transmitted by facsimile for the convenience of the parties involved and because of the short length of time before the trial date. The record reveals that neither Sparks nor her attorney made any attempt to ascertain whether the motion to continué had been granted or denied. “[A] party ... has a duty to follow the status of his own case, and no duty rests upon either the court or opposing parties to advise that party of his trial date.” State Dept. of Revenue v. Rivers, 668 So.2d 786, 788 (Ala.Civ.App.1995) (quoting Bowman v. Slade, 501 So.2d 1236, 1237 (Ala.Civ.App.1987)).
“ ‘Continuances are not favored and ... a trial court’s denial of a motion for continuance will be upset only when a palpable or gross abuse of discretion has been shown.’ Johnson Publishing Co. v. Davis, *1270 271 Ala. 474, 496, 124 So.2d 441, 459 (1960).” Scullin v. Cameron, 518 So.2d 695, 698 (Ala.1987); see also Copeland v. Samford Univ., 686 So.2d 190 (Ala.1996), and Peagler v. Skyline Shopping Center, 662 So.2d 282 (Ala.Civ.App.1995). After reviewing the record, we conclude that the trial court did not abuse its discretion in denying the motion to continue.
Sparks next argues that the trial court erred in dismissing her worker’s compensation action with prejudice and in denying her motion to reinstate. The matter was called for trial on September 3, 1996, and upon Sparks and her attorney’s failure to appear, the trial court entered the following order:
“This action was set for trial this date. Counsel for the defendant and the defendant’s representative appeared; however, neither the plaintiff nor her attorney appeared.
“On or about August 29, 1996, the parties filed a joint motion to continue the trial of this action. By letter dated August 30, 1996, copies of which were transmitted by facsimile transmission to counsel for the parties, the Court denied the motion for continuance.
“Based upon the foregoing, it is ORDERED that this action is dismissed with prejudice for lack of prosecution.”
“In reviewing such a dismissal, the appellate court need only determine whether the trial court’s action was supported by the evidence.” Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991), (citing State v. Horton, 373 So.2d 1096 (Ala.1979)).
“It is well settled that it falls within the judicial discretion of the trial court to dismiss an action for want of prosecution when the plaintiff fails to appear at the trial of the case. Thompson v. McQuagge, 464 So.2d 105 (Ala.Civ.App.1985). The trial court’s determination will not be disturbed on appeal unless there is an abuse of that discretion. Thompson, 464 So.2d 105.”
Smith v. Savage, 655 So.2d 1022, (Ala.Civ.App.1995). “[T]he dismissal of a party’s case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court.” Rivers 668 So.2d at 788, (quoting Bowman, 501 So.2d at 1237).
On September 13, 1996, Sparks filed a post-judgment motion to reinstate the action. On September 18, 1996, the trial court entered the following detailed and comprehensive order denying the motion:
“This worker’s compensation action was dismissed on September 3, 1996, when neither Jennifer Sparks (Sparks) nor her attorney appeared for trial. Sparks has filed a motion to reinstate the action.
“Sparks is correct in her assertion that the possibility of the need for additional medical treatment was discussed at the pretrial conference on August 9, 1996; however, the Court was never specifically apprised of the nature of the additional treatment. Moreover, Sparks’ counsel was attempting to have the defendant’s worker’s compensation carrier pay for additional evaluation and treatment. At that time, according to the Court’s recollection, the court informed Sparks’ counsel that the expense of additional evaluation was not the responsibility of the defendant.
“On August 29, 1996, the parties filed a joint motion for a continuance of the trial, and August 30, 1996, the Court denied the motion by letter order which was communicated to counsel by facsimile transmission. The Court’s judicial assistant was required to call Sparks’ attorney’s office to get a fax number because the fax number on counsel’s letterhead was not correct or the fax was inoperable. The letter order was transmitted to the fax number given to the Court’s judicial assistant, and a confirmation of completed transmission was received.
“The Court does not believe that its judicial assistant informed either attorney that because counsel filed a joint motion, a continuance would be granted. The judicial assistant for the undersigned is well aware of the Court’s frustration with the failure of counsel to achieve timely resolution of worker’s compensation actions, particularly when there is a claimed need for treatment immediately before the date of *1271 trial and a postponement of the trial is sought for that reason.
“Notwithstanding the foregoing, according to Sparks’ motion, neither she nor her attorney was aware on the date of trial whether the Court granted or denied the motion to continue. Prudence would have suggested that counsel contact the judge’s chambers to determine the status of the trial; and this was not done.”
Following a review of the record, we conclude that the trial court did not abuse its discretion by dismissing the action and by denying the motion to reinstate. The trial court’s judgment is due to be affirmed.
Because we have concluded that the trial court is due to be affirmed in dismissing this action and in denying the motion to reinstate, the petition for writ of mandamus is due to be denied.
2960023 — WRIT DENIED.
2960056 — AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.