ROBERTSON, Presiding Judge.
Mark G. Koch appeals from the trial court’s order denying his motion to reinstate following the dismissal of his co-employee action.
Koch alleges that he was injured on October 5, 1993, during his employment with LeMond Contracting, Inc., as the result of willful and intentional conduct on the part of Steve Lavóme, a co-employee. He sued in the St. Clair County Circuit Court on September 29, 1995, seeking compensatory and punitive damages from Lavorne for his injury. The trial court set the ease for trial on October 28,1996. A pre-trial conference was set for September 25, 1996; on that date Koch and his attorney failed to appear. The trial court dismissed the ease. On October 4, 1996, Koch filed a motion to set aside the dismissal. The trial court then entered an order on October 21, 1996, reinstating the case and stating that the trial was to remain set for October 28, 1996. On October 24, 1996, Koch filed a motion to continue the trial, stating that he had received notice on October 23, 1996, that the case had been reinstated and that he had not prepared the case for trial. The trial court made no ruling on the motion to continue, and on October 28, 1996, Koch and his attorney once again failed to appear. The trial court entered the following order dismissing the case:
“Case being called for trial and defendant being present and plaintiff failing to appear;
“Court finding case in following status:
' “1. On May 13, 1996 this case was set for trial on 10-28-96.
“2. All discovery deadlines and pretrial disclosures were set by that same Order on May 13,1996. " ■
“3. On 9-28-96 this case was dismissed based upon failure of plaintiff to appear at a pre-trial conference. On 10-21-96 the case was reinstated on motion of plaintiff, based upon plaintiff failing to receive notice. The Order of reinstatement noted ease remained set for trial on 10-28-96.
“4. On 10-24-96 the plaintiff filed a motion to continue claiming that because the case was dismissed on 9-25-96, he did not prepare the case for trial on 10-28-96.
“5. The plaintiffs attorney has had no contact with this Court concerning the motion to continue or the Court’s ruling on the motion to continue. The plaintiff has not appeared today to argue his motion. “Based upon the above and the fact that this case was set for trial for over 5 months, ... [the case is hereby] dismissed.”
On November 5, 1996, Koch filed a motion requesting that the case be reinstated and that a hearing be held on the motion. The motion was denied on November 14, 1996. Koch appeals, contending that the trial court abused its discretion in dismissing the case.
There is no question that Koch’s attorney was aware of the October 28, 1996, trial date. Koch’s attorney had been given notice of the trial date in the trial court’s order setting the case for trial and in the trial court’s order reinstating the case for trial, and counsel specifically referred to the trial date in his motion to continue filed October 24, 1996.
Neither Koch nor his attorney appeared in court on October 28, 1996. Koch’s attorney attributes their failure to appear at trial to “a misconception regarding the status of the case.” We find no merit in this argument. The record reveals that neither Koch nor his attorney made any attempt to ascertain *166 whether the motion to continue had been granted or denied. “[A] party ... has a duty to follow the status of his own case, and no duty rests upon either the court or opposing parties to advise that party of his trial date.” State Dep’t of Revenue v. Rivers, 668 So.2d 786, 788 (Ala.Civ.App.1995) (quoting Bowman v. Slade, 501 So.2d 1236, 1237 (Ala.Civ.App.1987)).
“It is well settled that it falls within the judicial discretion of the trial court to dismiss an action for want of prosecution when the plaintiff fails to appear at the trial of the case.” Smith v. Savage, 655 So.2d 1022, 1024 (Ala.Civ.App.1995). “The trial court’s determination will not be disturbed on appeal unless there is an abuse of that discretion.” Id.
“[T]he dismissal of a party’s case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court.” Rivers 668 So.2d at 788 (quoting Bowman, 501 So.2d at 1237). “In reviewing such a dismissal, the appellate court need only determine whether the trial court’s action was supported by the evidence.” Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991) (citing State v. Horton, 373 So.2d 1096 (Ala.1979)).
After a careful review of the record, we conclude that the trial court’s order is amply supported by the evidence and that the trial court did not abuse its discretion either in dismissing the action or in denying the motion to reinstate.
AFFIRMED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., dissents.