Rel: August 29, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

## SC-2024-0833
_____

## Bonnie Jean Myers

## v.

## BBH PBMC, LLC, d/b/a Princeton Baptist Medical Center; Brookwood Baptist Health 2, LLC; and Healthcare Network Alabama, Inc.

## Appeal from Jefferson Circuit Court
## (CV-21-92)

McCOOL, Justice.

Bonnie Jean Myers appeals from a judgment of the Jefferson Circuit Court that dismissed the complaint she had filed against BBH PBMC, LLC, d/b/a Princeton Baptist Medical Center; Brookwood Baptist Health 2, LLC; HealthCare Network Alabama, Inc.; and other fictitiously named defendants.

Facts and Procedural History

On December 11, 2020, Myers filed a complaint against the defendants, in which she asserted a single negligence claim. That claim alleged that, while walking through a waiting room in Princeton Baptist Medical Center on December 12, 2018, Myers "tripped over an obstruction in the form of a sign and/or display that had been placed in the waiting room and injured herself." Throughout 2021, Myers and the named defendants served each other with discovery notices, and Myers sat for a deposition. However, it does not appear that any in-court proceedings occurred during that year or the following two years. In January 2024, the circuit court issued an order requiring the parties to attempt to mediate their dispute, but mediation was unsuccessful.

On June 25, 2024, the circuit court issued an order scheduling a status conference for August 9, 2024, which, for all that appears in the

record, was to be the parties' first appearance in court. That order expressly stated: "All parties must appear." However, neither Myers nor her attorney appeared for the August 9, 2024, status conference, and the circuit court issued the following judgment that same day:

"This matter came before the court for status conference on this date. All parties were ordered on June 25, 2024, to appear for said hearing on this date. Counsel for Defendant[s], Deborah Wakefield, appeared. Counsel for Plaintiff failed to appear. The court allowed a fifteen-minute grace period for Plaintiff to appear, to no avail. Therefore, this matter is dismissed in its entirety without prejudice."

Four days later, Myers's attorney filed a motion to set aside the judgment of dismissal. That motion states, in relevant part:

"The reason undersigned did not appear at the status conference on August [9], 2024, is that undersigned did not see the order setting the hearing, and as such did not have the court date on the calendar.

"Undersigned did not see the order as a result of the email containing the order being accidentally saved to an email folder for this case prior to being opened. Undersigned notes that the order setting the status conference was the third order issued the morning of June 25, 2024, in this case, and assumes that when the first two orders (both of which were opened and printed for the file) were moved to the email folder for this case, the third email was inadvertently moved as well without its attachment (the order setting hearing) being opened and printed for the file.

3

"This case recently underwent an attempted mediation at substantial cost to [Myers], and both [Myers] and undersigned counsel are prepared to move forward with litigation.

"Undersigned apologizes for the inconvenience experienced by the court and by opposing counsel related to her oversight, and asks that the order dismissing the case be set aside so that the status conference … may be rescheduled and the case resolved on the merits.

"[Myers] herself had no way to avoid this circumstance as she does not independently receive emails and orders, rendering the dismissal of the case particularly prejudicial to her, as she was unaware of the hearing through no fault of her own.

"Undersigned asserts that caselaw supports trial on the merits for all cases when possible, and further asserts that her failure to appear for the status conference was excusable neglect rather than intentional or contemptible conduct such as would require dismissal of the case.

"As noted above, the dismissal of the case would be extremely prejudicial to [Myers], whereas the conclusion of the litigation would not be prejudicial to the defendant[s] in any way."

The circuit court did not rule on Myers's postjudgment motion, and, thus, the motion was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. Myers filed a timely notice of appeal.

## Standard of Review

"'Ala. R. Civ. P. 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." Although dismissal for failure to

4

comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976); Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1051 (9th Cir. 1971), cert. denied, 404 U.S. 1039, 92 S. Ct. 715, 30 L. Ed. 2d 731 (1972). Therefore we will reverse that decision only upon a showing of abuse of discretion. Selby, [403 So. 2d] at 220; Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659 (Ala. 1978).'

"Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So. 2d 332, 341 (Ala. 1991). Moreover, '"[w]illful" is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.' Selby v. Money, 403 So. 2d 218, 221 (Ala. 1981)."

Curry v. Miller, 261 So. 3d 1175, 1178 (Ala. 2018).

Discussion

Myers argues on appeal that the circuit court exceeded the bounds of its discretion by dismissing her complaint pursuant to Rule 41(b), Ala. R. Civ. P., which authorizes a court to dismiss a complaint "[f]or failure of the plaintiff … to comply with … any order of court." Although the circuit court did not state in its judgment of dismissal that it was

5

dismissing Myers's complaint pursuant to Rule 41(b), it is clear from the judgment that the court dismissed the complaint based on Myers's failure to appear for the August 9, 2024, status conference. See S.C. v. Autauga Cnty. Bd. of Educ., 325 So. 3d 793, 797 n.2 (Ala. 2020) (recognizing that the trial court had dismissed the plaintiffs' complaint pursuant to Rule 41(b), even though there was no indication that the court had relied on that rule, because the dismissal order "state[d] that the dismissal was the result of [the plaintiffs'] failure to appear at [a] scheduled hearing"). According to Myers, the circuit court was not justified in dismissing her complaint because, she says, she "did not fail to prosecute her case or delay in any way the progress of her case," Myers's brief, p. 17, and her attorney "did not engage in willful or contumacious conduct in missing the … status hearing," Myers's brief, p. 15.

Before reaching the merits of Myers's argument, we note that the judgment indicates that the circuit court purported to dismiss Myers's complaint without prejudice, and, generally, an order dismissing a complaint without prejudice is not a final judgment that will support an appeal. Walker Brothers Inv., Inc. v. City of Mobile, 252 So. 3d 57, 63 (Ala. 2017) (citing Palughi v. Dow, 659 So. 2d 112, 113 (Ala. 1995)).

6

However, although the circuit court stated that it was dismissing Myers's complaint without prejudice, the practical effect of its judgment was to dismiss her complaint <u>with</u> prejudice. This is so because Myers's negligence claim accrued on December 12, 2018 -- the date of her alleged accident in Princeton Baptist Medical Center -- and, as a result, the statute-of-limitations period for her claim expired on December 12, 2020. <u>See</u> § 6-2-38(l), Ala. Code 1975 (providing a two-year statute of limitations for negligence claims).[1] Thus, at the time the circuit court issued its judgment on August 9, 2024, the limitations period for Myers's claim had long since expired, which means that the dismissal of her complaint was, in fact, a dismissal with prejudice, i.e., a final judgment that will support Myers's appeal. <u>See</u> <u>Riddlesprigger v. Ervin</u>, 519 So. 2d 486, 487 (Ala. 1987) (noting that, although the trial court had purported to dismiss the plaintiff's complaint without prejudice, "the practical effect

---

[1]Although Myers asserted her negligence claim against various medical providers, it does not appear from the allegations in her complaint that her claim is governed by the Alabama Medical Liability Act, <u>see</u> § 6-5-480 et seq., Ala. Code 1975, which governs claims against a medical provider that occur "because of the provision of medical services." <u>Ex parte Vanderwall</u>, 201 So. 3d 525, 537-38 (Ala. 2015) (emphasis omitted). Regardless, the Alabama Medical Liability Act also provides a two-year statute of limitations. <u>See</u> § 6-5-482, Ala. Code 1975.

… [was] a dismissal <u>with</u> prejudice, because, prior to the dismissal, the statute of limitations … had expired" (emphasis added)); and <u>Taylor v. Hibbett Sporting Goods, Inc.</u>, 267 So. 3d 859, 860 n.1 (Ala. Civ. App. 2018) ("The dismissal order specifically recites that the dismissal is without prejudice, which would generally preclude an appeal. However, the statute of limitations on Taylor's workers' compensation action had already run at the time of the dismissal order, thus rendering the dismissal, in effect, a dismissal with prejudice as to that count of Taylor's complaint." (internal citation omitted)).

Having determined that Myers's appeal is properly before us, we turn to the merits of her argument. As noted, Myers argues that the circuit court exceeded the bounds of its discretion by dismissing her complaint because, she says, she "did not fail to prosecute her case or delay in any way the progress of her case" and her attorney "did not engage in willful or contumacious conduct in missing the … status hearing." In support of her argument, Myers cites <u>S.C.</u>, <u>supra</u>, in which this Court stated:

> "'Rule 41(b), Ala. R. Civ. P., permits a trial court to dismiss an action when a plaintiff fails to prosecute that action or fails to comply with the Rules of Civil Procedure or orders of the court. … Typically, an appellate court will

review a dismissal pursuant to Rule 41(b) to determine only whether the trial court abused its discretion. Riddlesprigger [v. Ervin], 519 So. 2d [486,] 487 [(Ala. 1987)].

"'"However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations," and "appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside." Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659, 661 (Ala. 1978) (citing, among other things, 9 Wright & Miller, Federal Practice & Procedure § 2370, p. 203, n. 1). [The Alabama Supreme Court] has explained that "the plaintiff's conduct must mandate the dismissal," and it has further reiterated the rule espoused by the United States Court of Appeals for the Fifth Circuit that a trial court "may dismiss with prejudice an action 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" Smith, 365 So. 2d at 661 (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).'"

325 So. 3d at 797-98 (quoting Kendrick v. Earl's, Inc., 987 So. 2d 589, 592-93 (Ala. Civ. App. 2007)).

The Court then went on to discuss those types of cases in which a Rule 41(b) dismissal has been held to be proper and those types of cases in which it has been held to be improper. Proper dismissals, the Court explained, "involve flagrant behavior by the plaintiff," such as, for example, when a plaintiff "sought and obtained a series of continuances over a period of 20 months, failed to appear at 2 scheduled pretrial conferences, and failed to appear on the date the case was set for trial."

S.C., 325 So. 2d at 798 (citing Cassady v. Montgomery Cnty. Bd. of Educ., 496 So. 2d 764 (Ala. 1986)) (emphasis added). On the other hand,

> "[w]hen our appellate courts have reversed an order dismissing with prejudice, it was because the record did not reveal the extreme circumstances sufficient to warrant the harsh sanction of dismissal. In Smith v. Savage, 655 So. 2d 1022 (Ala. Civ. App. 1995), the pro se plaintiffs sued the defendant alleging wrongful detainer of personal property. The plaintiffs failed to appear at trial at 8:30 a.m. as directed by the court's docket list. One of the plaintiffs was incarcerated at the time of trial, and the other plaintiff stated in her affidavit that she did not reach the courthouse until 9:30 a.m. on the morning scheduled for trial because her automobile had a flat tire. Based on the record, there did not appear to be any undue delay, willful default, or contumacious conduct on the part of the plaintiffs, and the Court of Civil Appeals held that the trial court exceeded its discretion in dismissing the plaintiffs' action with prejudice."

S.C., 325 So. 3d at 798.

Smith v. Savage, 655 So. 2d 1022 (Ala. Civ. App. 1995), which this Court discussed in S.C., is not the only case in which an appellate court has held that a trial court erred by dismissing a complaint based on the plaintiff's inadvertent failure to attend a scheduled court proceeding. In Gill v. Cobern, 36 So. 3d 31 (Ala. 2009), the trial court dismissed Lenzie Gill's complaint with prejudice because his attorney had "failed to appear at the pretrial conference." Id. at 32. Gill then filed a motion to vacate the judgment of dismissal, arguing that "the failure of [his] attorney to

10

appear at the pretrial conference was not willful, but the result of a calendaring error." Id. The trial court denied that motion, and Gill appealed. Relying on its prior decision in Cabaniss v. Wilson, 501 So. 2d 1177 (Ala. 1986), this Court reversed the judgment:

"In Cabaniss v. Wilson, 501 So. 2d 1177 (Ala. 1986), the plaintiffs' attorney failed to appear at a hearing on a motion for a summary judgment. At the hearing, counsel for the defendants orally moved to dismiss the plaintiffs' complaint with prejudice under Rule 41(b), Ala. R. Civ. P., for failure to prosecute. The trial court granted the defendants' Rule 41(b) motion, dismissing the plaintiffs' complaint with prejudice. Subsequently, the plaintiffs filed a motion to alter, amend, or vacate the judgment, claiming that the summary-judgment hearing was 'inadvertently left off the calendar of plaintiffs' counsel ....' 501 So. 2d at 1179. The trial court denied the plaintiffs' motion, and the plaintiffs appealed. 501 So. 2d at 1179-80.

"Applying the well established rules concerning the review of a trial court's dismissal with prejudice of a plaintiff's claims, this Court held that the conduct of the plaintiffs' attorney did not appear to be willful or contumacious because 'the failure of the plaintiffs' attorney to appear in court [at the hearing on the summary-judgment motion] was allegedly inadvertent on his part.' 501 So. 2d at 1181. Because there was no evidence to support the trial court's dismissal with prejudice, this Court reversed its order dismissing the plaintiffs' claims and remanded the cause for further proceedings.

"As was the case in Cabaniss, the record here does not reveal the presence of 'extreme circumstances' sufficient to warrant the 'harsh sanction' of a dismissal with prejudice. See Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). … [T]he

11

record clearly indicates that the trial court dismissed Gill's action on the sole basis that Gill's attorney did not appear at the pretrial conference. In Gill's motion to alter, amend, or vacate the trial court's judgment, Gill's attorney alleged that his absence was the result of a calendaring error and that it was not the result of willful or contumacious conduct. The motion alleged that Gill's attorney also represented Gill in an action filed in the federal court against Progressive, an original party in the present case, and that Gill's attorney deleted the pretrial conference in this action from his calendar on the mistaken belief that it pertained to the action filed in federal court. No brief in opposition to Gill's motion was filed, and the motion was denied by operation of law 90 days after it was filed. See Rule 59.1, Ala. R. Civ. P. Nothing in the record indicates that Gill's attorney was engaged in 'willful' delay or 'contumacious conduct.' Therefore, we hold that the trial court erred in dismissing Gill's action with prejudice."

Gill, 36 So. 3d at 33-34 (footnote omitted).

Relying on Gill and Cabaniss, the Court of Civil Appeals has likewise held that a trial court's dismissal of a complaint was reversible error in circumstances that are quite similar to those in this case. In Ash v. Washington, 349 So. 3d 1284 (Ala. Civ. App. 2021), the plaintiff and her attorney failed to appear for trial, and the trial court dismissed the case for failure to prosecute. The plaintiff then filed a postjudgment motion in which she "argued that her attorney had 'inadvertently failed to open the email containing the order setting the case for trial.'" Id. at 1287. The trial court denied the plaintiff's postjudgment motion, and the

12

Court of Civil Appeals reversed that ruling on the basis that, "'[o]ther than [the plaintiff's] failure to appear on the date set for trial, the case action summary reveals no delay, default, or dereliction on [her] part.'" Id. at 1289 (quoting Goodley v. Standard Furniture Mfg. Co., 716 So. 2d 226, 227 (Ala. Civ. App. 1998)).

Similarly, in McGinnis v. Steeleman, 199 So. 3d 69 (Ala. Civ. App. 2015), the trial court dismissed a father's petition seeking postminority child support from the child's mother because the father had failed to appear for a hearing on the mother's motion to dismiss the petition. Once again relying on Gill and Cabaniss, the Court of Civil Appeals reversed the judgment of dismissal because

> "there [was] no indication that there was a clear record of delay by the father. Rather, the father indicated in his … postjudgment motion that his failure to attend the hearing was the result of his counsel's lack of awareness of the hearing due to 'a break-down in office procedures governing the calendaring of motion hearings by counsel's staff.' … [T]he father's absence from the hearing on the mother's motion to dismiss was the result of a calendaring error on the part of his counsel. We conclude that the father's failure to attend the hearing, without more, does not amount to contumacious conduct or a willful default such that dismissal was warranted."

199 So. 3d at 73.

13

This case is no different than <u>Gill</u>, <u>Cabaniss</u>, <u>Ash</u>, and <u>McGinnis</u>. There is nothing in the record to indicate that Myers contributed to any of the delay that occurred in her case or that she failed to take steps to prosecute her claim. To the contrary, Myers has actively sought discovery from the named defendants, sat for a deposition, and attempted to mediate the parties' dispute. Thus, the only conduct that could support the circuit court's dismissal of Myers's complaint is the fact that Myers and her attorney did not appear for the August 9, 2024, status conference, which, for all that appears in the record, was the first scheduled court appearance for the parties. However, Myers's attorney stated in the postjudgment motion she filed on Myers's behalf that she and Myers had not appeared for the status conference because the attorney "did not have the court date on the calendar" and that the reason the status conference was not on her calendar was because she had inadvertently failed to open the email containing the court's scheduling order. That, as noted, is exactly what happened in <u>Ash</u> and is similar to what happened in <u>Gill</u>, <u>Cabaniss</u>, and <u>McGinnis</u>.

In short, there is nothing in the record to indicate that Myers and her attorney willfully or contumaciously refused to appear for the August

9, 2024, status conference, and, in the absence of such evidence, this case is far from one of the "'"extreme situations"'" in which dismissal of the complaint is warranted. S.C., 325 So. 3d at 797 (citations omitted). Thus, the circuit court exceeded the bounds of its discretion by imposing "the harsh sanction of dismissal," id. at 798, and its judgment of dismissal is therefore due to be reversed.

We acknowledge the named defendants' argument that Myers presented no evidence in support of her postjudgment motion and that she instead relied on the allegations of her attorney. That much is true. However, there is no indication that the plaintiffs in Gill, Cabaniss, Ash, and McGinnis supported their postjudgment motions with evidence indicating that their and their attorneys' failure to attend a scheduled court proceeding had been inadvertent.[2] Nevertheless, the reviewing courts in those cases accepted the allegations in the plaintiffs' postjudgment motions at face value in light of the fact that there was no other evidence that tended to conflict with those allegations. Indeed, it

_____

[2]The plaintiffs in Cabaniss did submit an affidavit with their postjudgment motion, but that affidavit was not submitted in support of the plaintiffs' contention that their attorney had inadvertently failed to attend a hearing.

is apparent from the face of Gill that this Court relied on the allegations that the attorney raised in the postjudgment motion in holding that the entry of the dismissal order in that case was reversible error. See Gill, 36 So. 3d at 33 (citing only the attorney's allegations in his postjudgment motion and the lack of any indication in the record of willful or contumacious conduct in holding that dismissal was unwarranted). We likewise accept the allegations in Myers's postjudgment motion at face value, given that there is nothing in the record to indicate that Myers and her attorney willfully or contumaciously refused to attend the August 9, 2024, status conference. Moreover, as the Court of Civil Appeals noted in Ash, "'"'[a]ttorneys are officers of the court and "'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.'"'"'" Ash, 349 So. 3d at 1287 n.2 (quoting Ex parte Owen, 860 So. 2d 887, 880 (Ala. 2003)) (other citations omitted).

## Conclusion

The circuit court exceeded the bounds of its discretion by dismissing Myers's complaint pursuant to Rule 41(b) because the only evidence to support dismissal is the fact that Myers and her attorney inadvertently

16

failed to appear in court for the first status conference. We therefore reverse the circuit court's judgment of dismissal and remand the case for further proceedings.

REVERSED AND REMANDED.

Stewart, C.J., and Bryan and Mendheim, JJ., concur.

Shaw, J., concurs in the result, with opinion.

SHAW, Justice (concurring in the result).

I respectfully concur in the result.

The trial court dismissed the action of the appellant, Bonnie Myers, apparently under Rule 41(b), Ala. R. Civ. P., for failure to prosecute because Myers did not appear at a hearing.

> "'Ala. R. Civ. P. 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure] or any order of [the] court." Although dismissal for failure to comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Therefore we will reverse that decision only upon a showing of abuse of discretion.'"

Curry v. Miller, 261 So. 3d 1175, 1178 (Ala. 2018) (quoting Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So. 2d 332, 341 (Ala. 1991)) (citations omitted; emphasis added).

In the trial court, Myers filed a motion to set aside the dismissal of her action. This motion was denied by operation of law. On appeal, Myers argues that her reason for missing the hearing, which was argued in her motion to set aside, made the dismissal improper. However, the

18

appellees point out that Myers did not, in her motion below, substantiate her excuse with evidence. Instead, her motion contained only unsworn assertions and representations by her counsel.[3]

In the face of the appellants' argument that her motion to set aside the dismissal was not supported by evidence, Myers provides no response. Specifically, she filed no reply brief to challenge the appellants' argument, and the three cases she cites in her opening brief do not hold that the assertions in her motion can be used to support it. It is the burden of the appellant to demonstrate on appeal that a lower court's decision must be reversed. Reagan v. Alabama Alcoholic Beverage Control Bd., 339 So. 3d 211, 217 (Ala. 2021) ("the appellant ... has the burden of demonstrating that the trial court erred to reversal ...."), and Johnson v. Life Ins. Co. of Alabama, 581 So. 2d 438, 444 (Ala. 1991) ("An

---

[3]See Ex parte Merrill, 264 So. 3d 855, 860 n.4 (Ala. 2018) ("Motions, statements in motions, and arguments of counsel are not evidence."), and Fountain Fin., Inc. v. Hines, 788 So. 2d 155, 159 (Ala. 2000) ("'[S]tatements in motions are not evidence and are therefore not entitled to evidentiary weight.'" (quoting Singh v. Immigration & Naturalization Serv., 213 F.3d 1050, 1054 n. 8 (9th Cir. 2000))). I believe that we should require evidence to be submitted in support of a motion to set aside a Rule 41(b) dismissal. Cf. Ex parte Bhones, 285 So. 3d 740, 746 (Ala. 2019) (noting that a motion to set aside a default judgment must be supported by evidence and rejecting "bare, unverified allegations" of counsel).

appellant has the burden of showing that a trial court has committed error.").

Nevertheless, caselaw suggests that even "an attorney's unexcused failure to appear at a scheduled hearing" may be "insufficient to show a failure to prosecute." Burdeshaw v. White, 585 So. 2d 842, 849 (Ala. 1991). In the absence of a "clear record of delay or contumacious conduct," we have reversed Rule 41(b) dismissals that were based on a failure of a party to attend a hearing. S.C. v. Autauga Cnty. Board of Education, 325 So. 3d 793, 799 (Ala. 2020); see also Burdeshaw, supra. I am hesitant to presume that a party's failure to attend a hearing would, alone, never support a dismissal under Rule 41(b). Generally speaking, in "the absence of evidence in the record, this Court will not assume error on the part of the trial court." Zaden v. Elkus, 881 So. 2d 993, 1009 (Ala. 2003). But our caselaw, in reviewing such dismissals, requires a clear record to support a trial court's decision. I question whether this always affords a trial court the necessary deference.